UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

**In re:**

**JULIO R. RODRIGUEZ**              Case No. 24-13225-PDR
                                                                           Chapter 7

    **Debtor**

_____/

**SONYA SALKIN SLOTT, TRUSTEE,**

    **Plaintiff**

**v.**                                                                                 Adv. Case No.

**KIMBERLY GOMES,**

    **Defendant**

_____/

### ADVERSARY COMPLAINT TO AVOID FRAUDULENT TRANSFER

Sonya Salkin Slott, as the Chapter 7 Trustee of the Bankruptcy Estate of Julio R. Rodriguez ("Trustee" or "Plaintiff"), by and through undersigned counsel, hereby files suit against Kimberly Gomes ("Gomes" or "Defendant") and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Trustee sues the Defendant: (i) to avoid and recover a fraudulent transfer pursuant to sections 544 and 550 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*, chapter 726 of the Florida Statutes and Rule 7001 of the Federal Rules of Bankruptcy Procedure; and (ii) for unjust enrichment under Florida law.

2. On April 3, 2024 (the "Petition Date"), Julio R. Rodriguez ("Debtor") commenced the above-captioned main bankruptcy proceeding (the "Bankruptcy Case") by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

1

(the "Bankruptcy Code").

3. Thereafter, the Trustee was appointed as Chapter 7 trustee of the estate of the Debtor.

4. Defendant is an individual that resides in the State of Florida. Upon information and belief, Defendant is the sister-in-law of the Debtor.

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409.

6. This is a core proceeding for which the Court is authorized to determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A), (H) and (O). The Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Court.

## BACKGROUND

7. On or about November 25, 2013, the Debtor acquired a 100% interest in the title to residential real property described as follows:

LOT 13, BLOCK 217, SOUTH PORT ST. LUCIE UNIT SIXTEEN, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 16, PAGES 43, 43A THROUGH 43F, OF THE PUBLIC RECORDS OF ST. LUCIE COUNTY, FLORIDA

(the "Property"). A Special Warranty Deed reflecting this acquisition is attached hereto as **Exhibit "A."** The Defendant was not a party of record to this transaction.

8. On or about April 28, 2023, the Debtor transferred his complete 100% interest in the Property to the Defendant, as evidenced by a Warranty Deed recorded in the Public Records of Saint Lucia County, Florida, at Saint Lucie County File # 5218457 (the "Transfer"). A copy of the Warranty Deed evidencing the Transfer is attached as **Exhibit "B"**.

9. The intended purpose and actual effect of the Transfer was to place the Property out of reach of creditors of the Debtor.

10. Only minimal consideration was paid by the Defendant for the Transfer of the Property, and certainly not consideration which was reasonably equivalent to the value of the Property.

11. Upon information and belief, the Defendant paid $30,000.00 for the Property, and may have paid off a lien against the Property in the approximate amount of $63,000.00.

12. At the time of the Transfer, the Saint Lucie County Property Appraiser valued the Property at $269,800.00.

13. At the time of the Transfer, the Debtor was or became insolvent as defined by 11 U.S.C. §101(32)(A) by a balance sheet test of insolvency.

## COUNT I
## CLAIM TO SET ASIDE FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(a)

14. Plaintiff re-alleges and incorporates paragraphs 1 through 13.

15. This is an action to avoid the Transfer to Defendant pursuant to 11 U.S.C. § 544(b) and Fla. Stat. § 726.105(1)(a).

16. The Transfer was made with actual intent to hinder, delay, and defraud creditors. The Transfer prevented creditors from directly executing on the Property.

17. The following badges of fraud pursuant to Fla. Stat. § 726.105(2) are present, including but not limited to:

   a. The Transfer was to an insider, namely the Debtor's sister-in-law;

   b. Debtor was insolvent or became insolvent at the time of the Transfer;

   c. Debtor did not receive reasonably equivalent value for the Transfer; and

   d. The value of the consideration was indeed much lower than the value of the asset transferred.

18. Plaintiff may avoid the Transfer pursuant to 11 U.S.C § 544(b) and Fla. Stat. § 726.108, since Defendant is the initial transferee such that the Property becomes property of Debtor's estate.

19. Alternatively, Plaintiff may recover judgment against Defendant for the value of the Transfer pursuant to Fla. Stat. § 726.109(2) and 11 U.S.C. § 550(a) as an initial transferee.

**WHEREFORE,** Plaintiff requests that the Court enter judgment against the Defendant avoiding the Transfer as set forth in this Count such that the Property becomes property of Debtor's estate, or alternatively awarding damages in the value of the Transfer, plus all allowable pre- and post-judgment interest, costs, and for such other and further relief as the Court deems just and proper.

## COUNT II
## CLAIM TO SET ASIDE FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b) AND ALTERNATIVELY FLA. STAT. § 726.106(1)

20. Plaintiff re-alleges and incorporates paragraphs 1 through 13.

21. This is an action to avoid the Transfer to Defendant pursuant to 11 U.S.C. § 544(b) and Fla. Stat. § 726.105(1)(b) or in the alternative under Fla. Stat. § 726.106(1).

22. The Transfer was made without the Debtor receiving a reasonably equivalent value in exchange for the transfer or obligation, and the Debtor believed or reasonably believed that she would incur debts beyond his ability to pay before such debt came due.

23. Alternatively, Debtor made the Transfer without receiving a reasonably equivalent value in exchange for the Transfer and Debtor was insolvent at that time or Debtor became insolvent as a result of the Transfer.

24. Plaintiff may avoid the Transfer pursuant to 11 U.S.C § 544(b) and Fla. Stat. § 726.108 since Defendant is the initial transferee such that the Property becomes property of the Debtor's estate.

25. Additionally, Plaintiff may recover judgment against Defendant for the value of the Transfer pursuant to Fla. Stat. § 726.109(2) and 11 U.S.C. § 550(a) as an initial transferee.

**WHEREFORE,** Plaintiff requests that the Court enter judgment against the Defendant avoiding the Transfer as set forth in this Count such that the Property becomes property of Debtor's estate, or alternatively awarding damages in the value of the Transfer, plus all allowable pre- and post-judgment interest, costs, and for such other and further relief as the Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

26. The Trustee re-alleges and incorporates paragraph 1 through 13.

27. The Debtor conferred a benefit on the Defendant by virtue of the Transfer.

28. Defendant voluntarily accepted and retained the benefit conferred by accepting the Transfer.

29. The circumstances set forth above render Defendant's retention of the Transfer inequitable unless Defendant pays the bankruptcy estate (as successor to the Debtor) the value of the Transfer.

30. Defendant was thus unjustly enriched by virtue of the Transfer.

**WHEREFORE**, the Plaintiff respectfully requests the Court enter a judgment in his favor against Defendant: (a) granting money damages to the Trustee against Defendant in the amount of the Transfer; and (b) granting such other and further relief as may be just and proper.

## **<u>RESERVATION OF RIGHTS</u>**

The Trustee reserves her rights to amend this Complaint, upon the completion of discovery, and to assert such additional claims for relief against the Defendant and other possible parties as may be warranted under the circumstances.

Respectfully submitted on this 14th day of June, 2024.

>The Salkin Law Firm, P.A.
>Attorneys for Trustee
>950 South Pine Island Road #A-150
>Plantation, Florida 33324
>Telephone: 954-423-4469
>
>By: */s/ Zachary Malnik, Esq.*
>     Zachary Malnik, Esq.
>     FLBN 1010272

JOSEPH E. SMITH, CLERK OF THE CIRCUIT COURT - SAINT LUCIE COUNTY
FILE # 3906482 OR BOOK 3581 PAGE 2913, Recorded 06/24/14 at 12:26 PM
Doc Tax: $525.00

Case 2:13-cr-29 Doc Filed 06/24/22 Page 7 of 9

# EXHIBIT A

$75,000.00

This document prepared by and return to: Crista Tumminia
Title & Abstract Agency of America, Inc.
4630 Woodland Corporate Boulevard, Suite 160
Tampa, FL 33614
File #: 13-259809
REO #: A130H2H
Parcel ID #: 34-22-580-0028-0000

10.00
525.00
535.00

## SPECIAL WARRANTY DEED

**THIS SPECIAL WARRANTY DEED** Made this 25th day of Nov, 2013 by, **Fannie Mae A/K/A Federal National Mortgage Association** organized and existing under the laws of the United States of America, whose address is: 14221 Dallas Parkway; Suite 1000, Dallas, Texas 75254 hereinafter called the grantor, to **Julio R. Rodriguez, a single man**, whose mailing address is **8915 Ramblewood Drive, #2209, Coral Springs, FL 33071**, hereinafter called the grantee:

**WITNESSETH**: That the grantor, for and in consideration of the sum of $10.00 and other good and valuable consideration, receipt whereof is hereby acknowledged, by these presents does grant, bargain, sell, alien, remise, release, convey and confirm unto the grantee, all that certain land in Saint Lucie County, Florida, to wit:

LOT 13, BLOCK 217, SOUTH PORT ST. LUCIE UNIT SIXTEEN, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 16, PAGES 43, 43A THROUGH 43F, OF THE PUBLIC RECORDS OF ST.LUCIE COUNTY, FLORIDA

Subject to taxes for the current year and all subsequent years; and conditions, restrictions, easements, limitations, reservations and zoning ordinances of record.

**TOGETHER** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**TO HAVE AND TO HOLD**, the same in fee simple forever.

**AND** the grantor hereby covenants with said grantee that it is lawfully seized of said land in fee simple; that it has good right and lawful authority to sell and convey said land; that it hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons claiming by, through or under the said grantor.

**IN WITNESS WHEREOF** the grantor has hereunto set its hand and seal the day and year first above written.

Signed, sealed and delivered in the presence of:

Witness Signature: _____
Printed Name: JUNE E. SEATON

Federal National Mortgage Association
By: Shapiro, Fishman and Gaché, LLP as its Attorney-in-Fact

BY: _____
Barbara C. Peddicord, Esq.
as authorized signatory for Shapiro, Fishman and Gaché, LLP, as Attorney-in-Fact for FANNIE MAE a/k/a FEDERAL NATIONAL MORTGAGE ASSOCIATION

Witness Signature: _____
Printed Name: TAMMY TAYLOR

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

**I HEREBY CERTIFY** that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgements, personally appeared **Barbara C. Peddicord, Esq.**, as authorized signatory for Shapiro, Fishman and Gaché, LLP, as Attorney-in-Fact for FANNIE MAE a/k/a FEDERAL NATIONAL MORTGAGE ASSOCIATION to me known and known to be the person described in and who executed the foregoing instrument as Authorized Signatory for the limited liability partnership named therein and who acknowledged before me, that he/she executed the same as such officer in the same and on behalf of said limited liability partnership.

WITNESS my hand and official seal in the county and State last aforesaid this 25th day of Nov, 2013.

_____
Notary Public
My Commission Expires:



T TAYLOR
MY COMMISSION # EE064812
EXPIRES February 15, 2015
(407) 398-0153   FloridaNotaryService.com

MICHELLE R. MILLER, CLERK OF THE CIRCUIT COURT - SAINT LUCIE COUNTY
FILE # 5218457 OR BOOK 5028 PAGE 2021, Recorded 04/04/24 11:20:28 AM Doc Tax: $0.70

Case 24-01328-PDR Doc 1 Filed 06/14/24 Page 8 of 9

# EXHIBIT B


FIRST INTERNATIONAL TITLE

Prepared by and Return to:
Cynthia Klein, an employee of
First International Title
201 SW Port St. Lucie Blvd.

Suite 205
Port St. Lucie, FL 34984

File No.: 229659-40

## WARRANTY DEED

This indenture made on **April 28, 2023** by **Julio R. Rodriguez, a single man,** whose address is: 9112 NW 40th Street, Coral Springs, FL 33065 hereinafter called the "grantor", to **Kimberly Gomes, a single woman,** whose address is: 1701 SE Lullaby Terrace, Port St. Lucie, FL 34952, hereinafter called the "grantee":

(Which terms "Grantor" and "Grantee shall include singular or plural, corporation or individual, and either sex, and shall include heirs, legal representatives, successors and assigns of the same)

**Witnesseth,** that the grantor, for and in consideration of the sum of Ten Dollars, ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situate in **St. Lucie** County, **Florida,** to-wit:

**Lot 13, Block 217, SOUTH PORT ST. LUCIE UNIT SIXTEEN, according to the Plat thereof, recorded in Plat Book 16, Page(s) 43, 43A to 43F of the Public Records of St. Lucie County, Florida.**
Parcel Identification Number: **3422-580-0028-000-0**

**Subject to** all reservations, covenants, conditions, restrictions and easements of record and to all applicable zoning ordinances and/or restrictions imposed by governmental authorities, if any.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in any way appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances except taxes accruing subsequent to December 31st of 2022.

**In Witness Whereof,** the grantor(s) has hereunto set their hand(s) and seal(s) the day and year first above written.

_____
Julio R. Rodriguez

**Signed, sealed and delivered in our presence:**

_____    _____
1st Witness Signature Cynthia Klein        2nd Witness Signature

Print Name: _____    Print Name: Edwina T. Vaca

State of Florida
County of St. Lucie

The Foregoing Instrument Was Acknowledged before me by means of (X) physical presence or ( ) online notarization on __4/26/2023__, by **Julio R. Rodriguez**, who ( ) is/are personally known to me or who (✓) produced a valid __DL__ as identification.

_____
Notary Public Signature
Printed Name: Cynthia Klein            (NOTARY SEAL)
My Commission Expires: 2/9/2026

CYNTHIA KLEIN
MY COMMISSION # HH 221585
EXPIRES: February 9, 2026